**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

**IN RE:**

| | |
|---|---|
| **KELVIN SYLVESTER MARTIN,** | **CHAPTER 13** |
| **DEBTOR.** | **CASE NO. 13-50502-SCS** |

**WELLS FARGO BANK, N.A.,**

      **MOVANT,**
**vs.**

**KELVIN SYLVESTER MARTIN
DOREEN B. MARTIN, CODEBTOR
MICHAEL P. COTTER, TRUSTEE,**

      **RESPONDENTS.**

**ORDER GRANTING MODIFICATION OF STAY**

      Upon the Motion for Relief of the Plaintiff, Wells Fargo Bank, N.A., having been properly served, upon agreement by Counsel for Debtor and upon the default of the Co-Debtor in failing to file a written response within the time provided, the Co-Debtor being in default,

      It appears that Debtor and the Codebtor is in possession of a certain real property located at ***20 Effingham Place, Newport News, VA 23608***, and more particularly described as follows:

> **All that certain lot, piece or parcel or land, situate and being in the City of Newport News, Virginia, known and designated as Lot Number ONE HUNDRED TWELVE (112), as shown on that certain plat entitled, "Windsor Great Park, Section Three, City of Newport News, Virginia", made by Coenen & Associates, Engineers, dated January 5, 1961, recorded in the Clerk's Office of the Circuit Court (formerly Hustings Court) for the City of Newport News, Virginia, July 9, 1963, in Plat Book 6, page 63, to which reference is here made.**

      Upon consideration, it is **ORDERED** that relief from the automatic stay is granted as to the Co-Debtor contingent upon the granting relief as to the Debtor and denied as to the Debtor subject to

**D. Carol Sasser, Esquire**
**Counsel for Movant**
**Samuel I White, P.C.**
**Bar No. 28422**
**5040 Corporate Woods Dr.**
**Suite 120**
**Virginia Beach, VA 23462**
**(757) 490-9284**
**File No. 36730**

the following conditions:

1. Debtor will resume making all future regular monthly installment payments in the amount of $1,197.52, as they become due commencing February 1, 2016 pending further notice from the Movant.

2. Debtor will cure any arrearage currently due to the Movant for the month of January, 2016, in the total amount of $20.00 (the balance remaining after credit for payments as set forth below), which arrears were calculated as follows:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| One (1) payment | 01/01/2016 | 01/01/2016 | $1,197.52 | $1,197.52 |
| Less partial payments (suspense balance): | | | | ($1,177.52) |

**Total:  $20.00**

    a.    The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

        1.    **The payments made after the filing of the Motion for Relief were a gift from Debtor's mother, Willie Mae Broomfield. The remaining cure balance of $20.00 will be included with the Debtor's February, 2016 regular monthly mortgage installment.**

    b.    All future payments made pursuant to the terms of this Order should be forwarded to the following address until further notice:

> **Wells Fargo Home Mortgage**
> **One Home Campus**
> **MAC X2302-04c**
> **Des Moines, IA 50328**

1. Should the Debtor fail to satisfy these conditions, the Movant will have relief from stay and may proceed forthwith to enforce it security agreement, subsequent to ten (10) days Notice of Default to the Chapter 13 Trustee, Debtor and Counsel for Debtor. In the event Debtor fails to timely reinstate in accordance with any such Notice of Default, Relief will be automatic, with no further hearing or order required. In the event relief is granted, foreclosure proceedings may be commenced incident to state law.

2. The Automatic Stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand

       for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

3. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to attorney's fees in the amount of $50.00 for the issuance of a Notice of Default and additional reasonable attorney's fees, not to exceed $200.00, for docketing of appropriate subsequent pleadings or correspondence incident to such Notice of Default.

4. Once the Debtor makes all of the stipulated payments during the cure period as required in the Order, then all mortgage payments, costs, fees and late charges will be deemed current from the date of the filing of the bankruptcy through the date of the entry of the Order.

5. In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

6. Upon termination of the Automatic Stay, the Debtor shall file an amended plan within thirty (30) days which reflects that direct payments to the Movant are no longer required under the plan.

7. Time is of the essence; all future monthly payments must be timely received; a check returned by the bank for any reason is deemed a violation.

8. It is additionally acknowledged that by endorsement of this Order, Counsel for Debtor hereby represents that Debtor has been advised of the terms of the agreement as set forth in this Order.

9. The Movant shall promptly notify the Chapter 13 Trustee in writing of the results of any foreclosure of the subject property and pay to the Chapter 13 Trustee any excess funds received from such sale, to be disbursed upon agreement with the Debtor or upon further order of the Court.

10. Any deficiency claim must be filed 120 days from the entry of the Order, or nothing in the Order can be interpretive that a deficiency claim will be allowed.

11. The fourteen (14) day stay mandated by FRBP 4001(a)(3) is hereby waived and the terms of this Order are immediately enforceable.

DATED: Feb 9 2016

/s/ Stephen C. St.John

JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

Feb 10, 2016

I ask for this:

**/s/ D. Carol Sasser**
D. Carol Sasser, Esquire, Bar No. 28422
Samuel I. White, P.C.
5040 Corporate Woods Dr.
Suite 120
Virginia Beach, VA 23462
Tel.: (757) 490-9284
Fax: (757) 490-8143
dsasser@siwpc.com
Counsel for Wells Fargo Bank, N.A.

Seen and Agreed:

**/s/ Barry W. Spear**

Barry W. Spear, Esquire
Counsel for Debtor
272 Bendix Road
Suite 130
Virginia Beach, VA 23452

Seen:

**/s/ Warren A. Uthe, Jr., Attorney for**
Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle
Suite 402
Chesapeake, VA 23320
13-50502-SCS

CERTIFICATE OF SERVICE

I hereby certify that this proposed Order has been endorsed by all necessary parties involved in this proceeding.

**/s/ D. Carol Sasser**
D. Carol Sasser, Esquire
Samuel I. White, P.C.

The Clerk shall mail a copy of the entered Order to the following:

Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle
Suite 402

Chesapeake, VA 23320

D. Carol Sasser, Esquire, Bar No. 28422
Samuel I. White, P.C.
5040 Corporate Woods Dr.
Suite 120
Virginia Beach, VA 23462
Tel.: (757) 490-9284
Fax: (757) 490-8143
dsasser@siwpc.com
Counsel for Wells Fargo Bank, N.A.

Jennifer T. Atkinson, Esquire
Barry W. Spear, Esquire
Counsel for Debtor
272 Bendix Road
Suite 130
Virginia Beach, VA 23452

Kelvin Sylvester Martin
Debtor
20 Effingham Place
Newport News, VA 23608

Doreen B. Martin
Codebtor
20 Effingham Place
Newport News, VA 23608

and

821 Forest Drive
Apt. 63
Newport News, VA 23606